IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RANDY BAKER,** | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-05-321 |
| | § | |
| **JOE D. DRIVER, WARDEN,** | § | |
|     Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 5, 2005, arguing that he has not received proper credit toward his sentence (D.E. 1). Respondent filed a motion to dismiss on October 3, 2005 (D.E. 14) to which petitioner responded on October 24, 2005 (D.E. 18).

## BACKGROUND

On August 28, 1996 petitioner was arrested by the Williamson County Sheriff's office for the state offenses of Engaging in Organized Crime and Possession of a Controlled Substance (Decl. of Doris Jones, D.E. 14, App. 1, para. 5). The arrest was the result of an investigation conducted by the United States Drug Enforcement Agency ("DEA") and the United States Attorneys office (Let. from Samuel L. Louis, att. to D.E. 1). On August 29, 1996 petitioner was released from the custody of the Williamson County jail to the custody of the Washington County Sheriff's Office to face charges of Criminal Trespass and Criminal Mischief (Jones Decl., D.E.

14, App. A, para. 6).[1]   On September 3, 1996 the Texas Department of Criminal Justice (TDCJ") issued a parole revocation warrant for petitioner (D.E. 14, App. 1, Jones Decl, att. B).

On February 12, 1997 the United States Marshals Service took petitioner into custody pursuant to a federal writ of habeas corpus ad prosequendum (Jones Decl., D.E. 14, App. 1, para 8). On May 19, 1997 petitioner was found guilty of one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 for an offense which occurred on August 22, 1996 (Jones Decl., D.E. 14, App. 1, att. A). On September 2, 1997 petitioner was sentenced to 360 months incarceration in the federal Bureau of Prisons ("BOP") (Jones Decl., D.E. 14, App. 1, para. 10, att. A). The judgment is silent as to whether the sentence is to run consecutively or concurrently to any other sentence (Jones Decl., D.E. 14, App. 1, para. 11, att. A).

On September 8, 1997 federal marshals released petitioner from the federal writ of habeas corpus ad prosequendum and returned him to Washington County jail (Jones Decl., D.E. 14, App. 1, para 12, atts. B, D). On October 9, 1997 the state court charges pending against petitioner were dismissed because he had been convicted in federal court on charges arising from the same transaction (Jones Decl., D.E. 14, App. 1, para 13, att. B).

On October 21, 1997 the blue warrant issued by TDCJ on petitioner's parole revocation was executed and his parole subsequently was revoked on January 30, 1998 (Jones Decl., D.E. 14, App. 1, para 14, att. C). On March 9, 1998 petitioner was released from the Washington County jail to TDCJ for service of the state parole violator term (Jones Decl., D.E. 14, App. 1, para. 15,

---

[1] Petitioner disputes this particular factual allegation, but it is not relevant to the outcome of his case.

att. B).  On June 4, 2001 petitioner was released from state custody to federal custody pursuant to the detainer issued in his federal case (Jones Decl., D.E. 14, App. 1, para. 16).

Petitioner received credit toward his state sentence from October 21, 1997 through June 4, 2001 (Jones Decl., D.E. 14, App. 1, para. 22, att. I).  The BOP awarded petitioner credit for the time he spent in custody from August 28, 1996 through October 20, 1997 because that time had not been applied to his state sentence (Jones Decl., D.E. 14, App. 1, para. 26, att. F).

Petitioner argues that during the time he was in state custody he was being "warehoused" for the federal authorities and that he should receive credit toward his federal sentence for all of the time he has been incarcerated.  Respondent counters that petitioner has received all the credit toward his federal sentence that he is due.  Respondent concedes that petitioner exhausted his administrative remedies by using the BOP administrative remedy program to request that all of the time he spent in state custody be credited to his federal sentence (Jones Decl., D.E. 14, App. 1, para. 28-31).

## APPLICABLE LAW

**A.  Sentence Computation**

A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence.  Rather, that authority lies with the U.S. Attorney General and is delegated to the BOP.  United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992).  Authority to give credit toward a sentence is found at 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The time petitioner seeks in this case has been credited toward his state sentence and under the plain language of the statute he is not entitled to have it credited to the federal sentence.

Petitioner argues that his state and federal sentences should have run concurrently because his arrest and incarceration for the parole violation would not have happened but for the investigation by federal authorities. In Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971) the Fifth Circuit noted that time spent in state custody must be credited toward time served on a federal sentence if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a federal one. If a federal detainer alone prevents a prisoner's release from State confinement, credit must be given. Id. (citations omitted).

Petitioner argues that the time he spent in state custody from October 21, 1997 through June 4, 2001 was the exclusive product of state action and in support he cites United States v. Harris, 876 F.2d 1502, 1503 (11th Cir. 1989). In Harris, the defendants were awarded 10 days credit on their federal sentences for time they spent in state custody because the undisputed facts showed that the DEA agent investigating their case sought a U.S. magistrate judge to obtain a warrant for the search of the defendants' home, but was unable to find one. He then asked local officers to seek a warrant from the available state judge and after one was obtained, contraband was found in the defendants' room and they were arrested. Id. At 1507. "Although it is plain that the state took an important part in the acts that resulted in their arrest, it cannot be argued that the incarceration was not 'exclusively the *product* of such action by Federal law enforcement officials.'" Id., (citing Ballard, 449 F.2d at 869)(emphasis in original).

In petitioner's case it is clear that the time he served from October 21, 1997 through June 4, 2001 was not the result of the federal detainer, but the result of the violation of his state parole

4

on earlier charges.  Petitioner argues that his parole would not have been revoked were it not for the investigation by federal authorities, but this is not the test.  The test is whether in the absence of the federal detainer would petitioner have been free to go.  Ballard, 449 F.2d at 869.  In petitioner's case, even if the federal detainer had not been in place, he would have remained in custody pursuant to the revocation of parole.

The record shows that petitioner has received all of the time credit he is due under the relevant statutes, regulations and case law.  Accordingly, it is recommended that his petition for habeas corpus relief be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 14) be granted and petitioner's cause of action for habeas corpus relief be dismissed.

Respectfully submitted  this 15th day of December, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).